Mr. Justice James
delivered the opinion of the Court:
In April, 1882, the complainant recovered a judgment in this Court against the defendant, Henry Krause, for $1,893.23, upon which execution was returned, nutta bona; and he now seeks in equity to subject to the satisfaction of this judgment certain real estate, the title whereof is held by defendant, Margaret Krause, wife of the judgment debtor, on the ground that it is actually the property of the latter.
The bill states, and the several answers of Henry and Margaret Krause admit, that Henry owned and occupied the premises at the time when the debt was contracted; that in April, 1881, that is, before judgment thereon was recovered, he and his wife conveyed them to one Michael Joachim;- that complainant filed a bill in this Court, in cause No. 8,151, against Krause and wife and said Joachim, seeking to set aside that conveyance, upon the ground that it was intended to hinder and defeat the complainant in the collection of his debt; that testimony was taken and heard therein, and that said cause was, on appeal to the General Term of this Court, finally dismissed. Clark vs. Krause, 2 Mackey, 559.
*113 It is further alleged and admitted that soon after that dismissal Joachim conveyed the premises to the defendant; Mrs. Krause, who was his sister, for the alleged consideration of $5,000 ; that afterwards, on the 13th of June, 1884, Krause and wife executed a deed of trust to the defendants, John Walter and John L. Vogt, to secure a building association in the sum of $1,400; that six days later they executed a further conveyance in trust to secure the payment to Joachim of $3,000, and that two months after that this trust to Joachim was released by a deed signed by him and the trustees, reciting that said $3,000 had been paid in full.
Down to this point the allegations of the bill are admitted by the answers of Krause and wife. It then further alleges that the defendant, Henry Krause, after the conveyance by Joachim to Mrs. Krause, improved this property by building thereon a two-story frame house, suitable for a store and residence, which he occupies as a store; that ever since, as well as before the conveyance to Joachim, Krause had remained in possession of the premises, paying the taxes thereon and keeping up the repairs; and it finally avers, on belief, that with the exception of the deed of trust to secure the building association, all of the conveyances had been made with the fraudulent purpose of preventing the creditors of Krause, and especially the complainant, from securing a lien bn said lands and collecting their judgments, and thereupon charges that Krause is the true owner of the property.
Krause and wife are required to answer under oath, and Krause answers that he occupies the premises only by virtue of his marital right to live with his wife in her house; denies that he has paid any taxes thereon or expended any money for repairs, and denies that he owns the improvements. Mrs. Krause denies the same allegations, and says that the improvements mentioned in the bill were made by her and paid for by means derived from her father’s estate. As to the purchase from Joachim, she answers that she bought *114 the property for $3,500, but that the consideration was named in the deed as $5,000, as being nearer its true value; that she was to give notes for $3,000, secured by a deed of trust, but never gave them, although the deed recited that she did; and that her brother released the trust, in order to enable her to borrow from the building association.
Testimony was taken on the part of complainant but none by defendants.
The avowed scheme of the complainant’s case is to connect the facts surrounding the original conveyance by Krause and wife to Joachim with the facts which followed Joachim’s conveyance to Mrs. Krause, and by this connected array of facts to show an arrangement fraudulent from the beginning, by which the debtor’s property was transferred from himself to his wife. And, in answer to the objection that the decree in the former suit against the Krauses and Joachim has settled the good faith and validity of Joachim’s title, and that nothing can now be considered but the facts of the purchase from Joachim, complainant’s theory, at the argument was that this Court should not feel bound by its own decree in the earlier suit against the Krauses and Joachim, if it should perceive, on an examination of the facts then existing and of the facts afterwards occurring, and on connecting them together, that that decree must have been, obtained by falsehood.
We are of the. opinion, however, that the fact that the former decree between these parties was rendered by ourselves does not in the least degree differentiate its effect as res judicata, and that it is now res judicata that Joachim’s title was valid and can no longer be assailed on the ground that it was conveyed to him with intent to hinder and defraud Krause’s creditors. If this be so, the facts and the effect of the facts which preceded and accompanied that conveyance have also been adjudicated and can no longer be contested. It follows that' the inquiry in the present suit must begin with a conclusive assumption that the grantor *115 to Mrs. Krause had a perfectly good title as against this complainant, and that we are now limited to the question whether the conveyance from this grantor to Mrs. Krause was a mere cover to conceal an actual sale to her husband, and therefore a fraud on Krause’s creditors.
And just here a proposition seems to be suggested rather than distinctly made in the argument. It is this: Conceding that the facts and the effect of the facts preceding and accompanying the conveyance to Joachim are res judicata, and therefore can no longer be contested between these parties, yet they may be reexamined for the purpose of determining the effect and intention of the conveyance by Joachim to Mrs. Krause; that is, of determining whether the so-called purchase by Mrs. Krause was only a fraudulent device to cover an actual purchase by Krause, the judgment debtor. We think that the readmission of these antecedent facts on such a pretext would only be an evasion of the rule that the entire effect of those former facts has been adjudicated and determined once for all. When they have once been considered and disposed of it is inadmissible to bring them again in question, on the ground that they are nowT presented as part of a larger collection of facts, and not, as formerly, as constituting the whole of a transaction. The rule requires that they should be excluded from the present suit, and that we should confine ourselves to the facts of this conveyance by Joachim, the holder of an unassailable title, to the wife of the judgment debtor.
We have carefully considered the evidence touching this transaction, and find that it shows that Joachim had no dealing with the judgment debtor; that, having a right to give this property to his sister as her own, he seems to have intended to exercise that right, and that the husband was a stranger in right to the transaction. It is not necessary to discuss in detail the evidence on this point by which we have been satisfied. It is enough to say that we find that Krause has neither paid nor assumed any obligation to pay *116 to Joachim any consideration for this property, and therefore has done nothing by which he could acquire any right in it. It is immaterial that Joachim could not hold Mrs. Krause personally for that consideration if he designedly omitted to contract with the husband. The effect of such an arrangement was that his only security, was the land itself, and that security he released. After that his conveyance to his sister remained a mere gift. Of course he had a right to make such a gift, and Krause's creditors are not injured even if the purpose of the whole transaction, known and assented to by Krause himself and his wife, was that the gift should be so made that his creditors should find 'nothing in his hands. Not to give a thing to a judgment debtor is not a fraud on his creditors.

The decree of the Equity Cowrt is affirmed.